FILED

2011 FEB 15  P 1: 27

Paid
$1
(8)

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CAL. SAN JOSE

1   Miriam L. Schimmel (SBN 185089)
    MSchimmel@InitiativeLegal.com
2   David Cheng (SBN 240926)
    DCheng@InitiativeLegal.com
3   Initiative Legal Group APC    E-filing
    1800 Century Park East, 2nd Floor
4   Los Angeles, California 90067
    Telephone:  (310) 556-5637
5   Facsimile:   (310) 861-9051

6   The Aiwazian Law Firm
    410 Arden Avenue, Suite 203
7   Glendale, California 91203    ADR

8   R. Rex Parris Law Firm
    42220 10th Street West, Suite 109
9   Lancaster, California 93534

10  Attorneys for Plaintiff Angela Garcia

11                UNITED STATES DISTRICT COURT

12   NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

13  ANGELA GARCIA, individually,          Case No.  CV11 - 0692 PSG
    and on behalf of other members of
14  the general public similarly situated,
                                          CLASS ACTION COMPLAINT &
15              Plaintiff,                 ENFORCEMENT UNDER THE
                                          PRIVATE ATTORNEYS GENERAL
16      vs.                               ACT, CALIFORNIA LABOR CODE
                                          §§ 2698 ET SEQ.
17  CITIGROUP INC., a Delaware
    corporation; CITIBANK, N.A, a         (1) Violation of California Labor Code
18  national association; and Does 1          §§ 510 and 1198 (Unpaid
    through 10,                               Overtime);
19                                        (2) Violation of California Labor Code
                Defendants.                   §§ 1194, 1197 and 1197.1 (Unpaid
20                                            Minimum Wages);
                                          (3) Violation of California Labor Code
21                                            § 226(a) (Non-compliant Wage
                                              Statements);
22                                        (4) Violation of California Labor Code
                                              §§ 2800 and 2802 (Unpaid Business
23                                            Expenses);
                                          (5) Violation of Labor Code §§ 1197
24                                            and 1198 and California Code of
                                              Regulations Title 8, Section 11040
25                                            Subdivision 4(C) (Failure to
                                              Compensate for Split-Shifts);
26                                        (6) Violation of Labor Code §§ 2698 et
                                              seq. ("PAGA"); and
27                                        (7) Violation of California Business &
                                              Professions Code §§ 17200 et seq.
28                                        DEMAND FOR JURY TRIAL

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

BY FAX

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Plaintiff Angela Garcia ("Plaintiff"), individually and on behalf of all

2   other members of the public similarly situated, alleges as follows:

3   **JURISDICTION AND VENUE**

4   1.   **Jurisdiction**

5   The above-entitled Court has jurisdiction over this class action pursuant to

6   the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d), because

7   the number of prospective class members is believed to be over 100, the total

8   amount in controversy for this class action exceeds $5 million and there exists

9   minimal diversity of citizenship among the parties.  Specifically, at the time this

10   action was commenced, the Plaintiff was a resident and citizen of the State of

11   California.  At the time this action was commenced, Defendants CITIGROUP

12   INC. and CITIBANK, N.A., were citizens of Delaware and New York.

13   2.   **Intradistrict Assignment and Venue**

14   Venue is proper in this Court because Defendants do substantial business

15   in the State of California, County of Santa Clara.  Defendants CITIGROUP INC.

16   and CITIBANK, N.A., have bank branch locations in Santa Clara County,

17   California.  Venue is also proper because Defendants' corporate policies were

18   applied and executed in Santa Clara County, California.  Therefore, the proper

19   intradistrict assignment is the San Jose Division per Civil Local Rules 3-2(c) and

20   (e).

21   3.   California Labor Code sections 2699 et seq., the "Labor Code

22   Private Attorneys General Act" ("PAGA"), authorizes aggrieved employees to

23   sue directly for various civil penalties under the California Labor Code.

24   4.   Plaintiff timely provided notice on February 14, 2011 to the

25   California Labor and Workforce Development Agency ("LWDA") and to

26   Defendant, pursuant to California Labor Code section 2699.3(a).

27   **THE PARTIES**

28   5.   Plaintiff Angela Garcia is, and at all relevant times was, a competent

Page 1

CLASS ACTION COMPLAINT

1   adult residing in California. Plaintiff brings this suit on behalf of herself and all

2   similarly situated individuals pursuant to Federal Rules of Civil Procedure 23

3   and California Business & Professions Code section 17200 *et seq.*

4          6.      Defendant CITIGROUP INC. was and is, upon information and

5   belief, a Delaware corporation. At all times hereinafter mentioned, Defendant

6   CITIGROUP INC. was an employer whose employees are engaged throughout

7   this county, the State of California and the various states of the United States of

8   America. CITIGROUP INC. and owns and operates numerous office locations

9   throughout the State of California. CITIGROUP INC.'s principal place of

10  business is located in New York.

11         7.      Defendant CITIBANK, N.A. was and is, upon information and

12  belief, a National Association incorporated in the State of Delaware. At all times

13  hereinafter mentioned, Defendant CITIBANK, N.A. was an employer whose

14  employees are engaged throughout this county, the State of California and the

15  various states of the United States of America. CITIBANK, N.A. and owns and

16  operates numerous office locations throughout the State of California.

17  CITIBANK, N.A.'s principal place of business is located in New York.

18         8.      Plaintiff is unaware of the true names or capacities of the

19  Defendants sued herein under the fictitious names DOES 1 through 10, but prays

20  for leave to amend and serve such fictitiously named Defendants once their

21  names and capacities become known.

22         9.      Plaintiff is informed and believes, and thereon alleges, that DOES 1

23  through 10 are the partners, agents, owners, shareholders, managers or

24  employees of CITIGROUP INC. and/or CITIBANK, N.A.

25         10.     Plaintiff is informed and believes, and thereon alleges, that each and

26  all of the acts and omissions alleged herein was performed by, or is attributable

27  to CITIGROUP INC., CITIBANK, N.A. and DOES 1 through 10 (collectively

28  "Defendants"), each acting as the agent for the other, with legal authority to act

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90057

1   on the other's behalf.  The acts of any and all Defendants were in accordance

2   with, and represent, the official policy of Defendants.

3       11.    At all relevant times, Defendants, and each of them, ratified each

4   and every act or omission complained of herein.  At all relevant times,

5   Defendants, and each of them, aided and abetted the acts and omissions of each

6   and all the other Defendants in proximately causing the damages herein alleged.

7       12.    Plaintiff is informed and believes, and thereon alleges, that each of

8   said Defendants are in some manner intentionally, negligently or otherwise

9   responsible for the acts, omissions, occurrences and transactions alleged herein.

10                          **CLASS ACTION ALLEGATIONS**

11      13.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules

12  of Civil Procedure on her own behalf, as well as on behalf of each and all other

13  persons similarly situated, for claims alleged herein which arise under California

14  law.

15      14.    This action is properly maintainable under Fed. R. Civ. Proc. Rule

16  23(b)(2) because injunctive and/or declaratory relief is the predominant relief

17  sought, and Defendants have acted or refused to act on grounds generally

18  applicable to the class, thereby making appropriate final injunctive relief or

19  corresponding declarative relief with respect to the class as a whole.

20      15.    Plaintiff seeks relief authorized by California law, and thus, seeks

21  class certification under Federal Rules of Civil Procedure, Rule 23(b)(2) of the

22  following Class:

23              Injunctive Relief Class:

24              All currently employed non-exempt employees who work for

25              Defendants in California bank branches.

26      16.    Plaintiff reserves the right to establish subclasses of the Injunctive

27  Relief Class as appropriate pursuant to Federal Rules of Civil Procedure, Rule

28  23(c)(5).

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

17. Defendants still maintain and administer policies and procedures that govern the Injunctive Relief Class Members and create common questions of law and fact, making class-wide injunctive relief appropriate, including:

    (a)    Whether Defendants policies and procedures violate California's overtime laws as set forth in the applicable Industrial Welfare Commission wage order and Labor Code sections 510 and 1198;

    (b)    Whether Defendants policies and procedures violate California's minimum wage laws as set forth in the applicable Industrial Welfare Commission wage order and Labor Code sections 1194, 1197, and 1197.1;

    (c)    Whether Defendants policies and procedures violate California's meal period laws as set forth in the applicable Industrial Welfare Commission wage order and Labor Code sections 226.7 and 512;

    (d)    Whether Defendants policies and procedures violate California's rest period laws as set forth in the applicable Industrial Welfare Commission wage order and Labor Code section 226.7;

    (e)    Whether Defendants policies and procedures violate California's wage payment laws as set forth in the applicable Industrial Welfare Commission wage order and Labor Code section 204;

    (f)    Whether the wage statements that Defendants provide to hourly employees violate California Labor Code 226(a);

    (g)    Whether Defendants have policies and procedures that fail or refuse to reimburse Plaintiff and class members for necessary business-related costs and expenses they incur; and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  (h)    Whether Defendants' policies and procedures fail to pay one

2         hour of wages to employees who are required to work split-

3         shifts.

4     18.    Plaintiff also seeks relief authorized by California law, and thus,

5  seeks class certification under Federal Rules of Civil Procedure, Rules 23(b)(1)

6  and/or (3) of the following Class:

7         <u>Damages and Penalties Class</u>:

8         All non-exempt current and former employees who worked for

9         Defendants in California bank branches within four years prior to

10        the filing of this complaint until the date of certification.

11    19.    Plaintiff reserves the right to establish subclasses of the Damages

12  and Penalties Class as appropriate pursuant to Federal Rules of Civil Procedure,

13  Rule 23(c)(5).

14    20.    There are common questions of law and fact as to the Damages and

15  Penalties Class Members that predominate over questions affecting only

16  individual Members, including but not limited to:

17        (a)    Whether Defendants' failure to pay wages, without abatement

18               or reduction, in accordance with the California Labor Code,

19               was willful;

20        (b)    Whether Defendants required Plaintiffs and class members to

21               work over eight (8) hours per day, over twelve (12) hours per

22               day, and/or over forty (40) hours per week and failed to pay

23               legally required overtime compensation to Plaintiffs and class

24               members;

25        (c)    Whether Defendants required Plaintiffs and class members to

26               work hours which were not compensated with at least

27               minimum wages;

28        (d)    Whether Defendants deprived Plaintiffs and class members of

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90057

1    meal periods or required Plaintiffs and class members to work

2    during meal periods without compensation;

3    (e)    Whether Defendants deprived Plaintiffs and class members of

4    rest periods or required Plaintiffs and class members to work

5    during rest periods without compensation;

6    (f)    Whether Defendants failed to timely pay all wages due to

7    Plaintiffs and class members during their employment;

8    (g)    Whether Defendants provided wage statements that contained

9    all of the information required by California Labor Code

10    226(a);

11    (h)    Whether Defendants failed to reimburse Plaintiff and class

12    members for necessary business-related costs and expenses

13    they incurred;

14    (i)    Whether Defendants required Plaintiffs and class members to

15    work split-shifts without compensating them with at least one

16    hour of pay at the minimum wage;

17    (j)    Whether Defendants' conduct was wilful or reckless;

18    (k)    Whether Defendants engaged in unfair business practices in

19    violation of California Business & Professions Code sections

20    17200 *et seq*.; and

21    (l)    The appropriate amount of damages, restitution or monetary

22    penalties resulting from Defendants' violations of California

23    law.

24    21.    There is a well-defined community of interest in the litigation and

25    both the Damages and Penalties Class and the Injunctive Relief class are readily

26    ascertainable and satisfy the requirements of Federal Rules of Civil Procedure,

27    Rule 23(a) as follows:

28    (a)    Numerosity:  The Members of the class (and each Subclass, if

1   any) are so numerous that joinder of all Members would be

2   unfeasible and impractical.  The Membership of the entire

3   class is unknown to Plaintiff at this time, however, the class is

4   estimated to be greater than one hundred (100) individuals

5   and the identity of such Membership is readily ascertainable

6   by inspection of Defendants' employment records.

7   (b)   Typicality:  Plaintiff is qualified to, and will, fairly and

8   adequately protect the interests of each Class Member with

9   whom she has a well-defined community of interest, and

10   Plaintiff's claims (or defenses, if any) are typical of all Class

11   Members' as demonstrated herein.

12   (c)   Adequacy:  Plaintiff is qualified to, and will, fairly and

13   adequately, protect the interests of each Class Member with

14   whom she has a well-defined community of interest and

15   typicality of claims, as demonstrated herein.  Plaintiff

16   acknowledges that she has an obligation to make known to the

17   Court any relationship, conflicts or differences with any Class

18   Member.  Plaintiff's attorneys, the proposed class counsel, are

19   versed in the rules governing class action discovery,

20   certification and settlement.  Plaintiff has incurred, and

21   throughout the duration of this action, will continue to incur

22   costs and attorneys' fees that have been, are and will be

23   necessarily expended for the prosecution of this action for the

24   substantial benefit of each Class Member.

25   (d)   Superiority:  The nature of this action makes the use of class

26   action adjudication superior to other methods.  A class action

27   will achieve economies of time, effort and expense as

28   compared with separate lawsuits, and will avoid inconsistent

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    outcomes because the same issues can be adjudicated in the

2    same manner and at the same time for the entire class.

3    (e)    Public Policy Considerations:  Employers in the State of

4    California violate employment and labor laws every day.

5    Current employees are often afraid to assert their rights out of

6    fear of direct or indirect retaliation.  Class actions provide the

7    Class Members who are not named in the complaint with a

8    type of anonymity that allows for the vindication of their

9    rights while simultaneously protecting their privacy.

10    22.    This action is also properly maintainable under Rule 23(c)(4) for all

11    class issues alleged herein.

## GENERAL ALLEGATIONS

13    23.    Defendants currently employ Plaintiff as a "Personal Banker," a

14    non-exempt position, at Defendants' Palo Alto, California business location.

15    24.    Defendants continue to employ non-exempt or hourly-paid branch

16    employees within California and within this District.

17    25.    Plaintiff is informed and believes, and thereon alleges, that at all

18    times herein mentioned, Defendants were advised by skilled lawyers and other

19    professionals, employees and advisors knowledgeable about California labor and

20    wage law, employment and personnel practices, and about the requirements of

21    California law.

22    26.    Plaintiff is informed and believes, and thereon alleges, that

23    Defendants knew or should have known that Plaintiff and class members were

24    entitled to receive certain wages for overtime compensation and that they were

25    not receiving certain wages for overtime compensation.

26    27.    Plaintiff is informed and believes, and thereon alleges, that

27    Defendants knew or should have known that Plaintiff and class members were

28    entitled to receive at least minimum wages for compensation and that they were

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  not receiving at least minimum wages for compensation.

2      28.   Plaintiff is informed and believes, and thereon alleges, that

3  Defendants knew or should have known that Plaintiff and class members were

4  entitled to receive all meal periods or payment of one additional hour of pay at

5  Plaintiff's and class members' regular rate of pay when they did not receive a

6  timely uninterrupted meal period.

7      29.   Plaintiff is informed and believes, and thereon alleges, that

8  Defendants knew or should have known that Plaintiff and class members were

9  entitled to receive all rest periods or payment of one additional hour of pay at

10  Plaintiff's and class members' regular rate of pay when a rest period was missed.

11      30.   Plaintiff is informed and believes, and thereon alleges, that

12  Defendants knew or should have known that Plaintiff and class members were

13  entitled to receive all the wages owed to them timely during the corresponding

14  pay period.

15      31.   Plaintiff is informed and believes, and thereon alleges, that

16  Defendants knew or should have known that Plaintiff and class members were

17  entitled to receive complete and accurate wage statements in accordance with

18  California law.

19      32.   Plaintiff is informed and believes, and thereon alleges, that

20  Defendants knew or should have known that Plaintiff and class members were

21  entitled to receive full reimbursement for all business-related expenses and costs

22  they incurred during the course and scope of their employment, and that they did

23  not receive full reimbursement of applicable business-related expenses and costs

24  they incurred.

25      33.   Plaintiff is informed and believes, and thereon alleges, that

26  Defendants knew or should have known that Plaintiff and class members were

27  entitled to receive additional compensation for having to work split-shifts, and

28  that they did not receive additional compensation when they were required to

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1    work split-shifts.

2         34.    Plaintiff is informed and believes, and thereon alleges, that at all

3    times herein mentioned, Defendants knew or should have known that they had a

4    duty to compensate Plaintiff and class members, and that Defendants had the

5    financial ability to pay such compensation, but willfully, knowingly and

6    intentionally failed to do so, and falsely represented to Plaintiff and other class

7    members that they were properly denied wages, all in order to increase

8    Defendants' profits.

9         35.    At all times herein set forth, PAGA was applicable to Plaintiff's

10    employment by Defendant.

11        36.    At all times herein set forth, PAGA provides that any provision of

12    law under the California Labor Code that provides for a civil penalty to be

13    assessed and collected by the LWDA for violations of the California Labor Code

14    may, as an alternative, be recovered through a civil action brought by an

15    aggrieved employee on behalf of himself and other current or former employees

16    pursuant to procedures outlined in California Labor Code section 2699.3.

17        37.    Pursuant to PAGA, a civil action under PAGA may be brought by

18    an "aggrieved employee," who is any person that was employed by the alleged

19    violator and against whom one or more of the alleged violations was committed.

20        38.    Plaintiff was employed by Defendants and the alleged violations

21    were committed against her during her time of employment and she is, therefore,

22    an aggrieved employee.  Plaintiff and other employees are "aggrieved

23    employees" as defined by California Labor Code section 2699(c) in that they are

24    all current or former employees of Defendant, and one or more of the alleged

25    violations were committed against them.

26        39.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an

27    aggrieved employee, including Plaintiff, may pursue a civil action arising under

28    PAGA after the following requirements have been met:

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(a)   The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)   The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

40.   On February 14, 2011, Plaintiff provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3(a).  Therefore, as of March 20, 2011, the administrative prerequisites under California Labor Code section 2699.3(a) are satisfied and Plaintiff has authorization to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 204, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2800, and 2802, unless the LWDA provides timely notice of its intent to investigate Plaintiff's Labor Code claims.

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198**

41.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 40.

42.    California Labor Code section 1198 and the applicable Industrial Welfare Commission (IWC) Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

43.    The applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendant, and working more than 8 hours in a day or more than 40 hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of 8 hours in a day or more than 40 hours in a workweek.

44.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendant, and working more than 12 hours in a day, overtime compensation at a rate of two times their regular rate of pay.

45.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of 8 hours in a day or 40 hours in a week or for the first 8 hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of 12 hours in a day or in excess of 8 hours in a day on the seventh day of work.

46.    During the relevant time period, Plaintiff and class members consistently worked in excess of 8 hours in a day and/or in excess of 40 hours in a week.  For example, Plaintiff was required to work after her scheduled shift to help customers and open new customer accounts both at the branch she worked

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    and outside of the branch on the weekends when she was not scheduled to work.

2    Rather than record these hours past her scheduled shift as overtime hours,

3    Defendants did not record these hours and, at most, promised to let her come in

4    late to work or let her leave early from work on occasion in order to avoid

5    paying her overtime.  In addition, Defendants required Plaintiff to work off-the-

6    clock during meal periods, thereby making her total hours exceed 8 hours in one

7    day and/or 40 hours in one week.  These off-the-clock overtime hours were not

8    recorded nor paid.

9        47.    During the relevant time period, Defendants willfully failed to pay

10   all overtime wages owed to Plaintiff and class members including the overtime

11   hours Plaintiff and class members worked off-the-clock.

12       48.    Defendants' failure to pay Plaintiff and class members the unpaid

13   balance of overtime compensation, as required by California laws, violates the

14   provisions of California Labor Code sections 510 and 1198, and is therefore

15   unlawful.

16       49.    Plaintiff is entitled to and seeks injunctive and declaratory relief in

17   the form of an Order requiring Defendants to record all hours worked and pay all

18   overtime wages due Plaintiff and class members as they become due.

19       50.    Pursuant to California Labor Code section 1194, Plaintiff and class

20   members are entitled to and seek to recover their unpaid overtime compensation,

21   as well as interest, costs, and attorneys' fees.

22       51.    Plaintiff and class members are entitled to and seek injunctive and

23   declaratory relief in the form of an Order requiring Defendants to pay unpaid

24   overtime wages, interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1197, 1197.1

27       52.    Plaintiff incorporates by reference and re-alleges as if fully stated

28   herein the material allegations set out in paragraphs 1 through 51.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

53.   At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

54.   During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and class members as required, pursuant to California Labor Code sections 1194, 1197 and 1197.1.  As stated above, Defendants required Plaintiff to work off-the-clock both before and after her scheduled shift and during meal periods.  To the extent those hours did not exceed eight in one day or forty in one week, Defendants have failed to pay even minimum wages for those off-the-clock hours worked.

55.   Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.

56.   Plaintiff is entitled to and seeks injunctive and declaratory relief in the form of an Order requiring Defendants to record all hours worked and pay at least minimum wages for all hours worked as those wages become due.

57.   Pursuant to those sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

58.   Pursuant to California Labor Code section 1197.1, Plaintiff and class members are entitled to recover a penalty of one hundred dollars ($100.00) for the initial failure to timely pay each employee minimum wages, and two hundred fifty dollars ($250.00) for each subsequent failure to pay each employee minimum wages.

59.   Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to and seek to recover liquidated damages in an

1    amount equal to the wages unlawfully unpaid and interest thereon.

2        60.    Plaintiff and class members are entitled to and seek injunctive and

3    declaratory relief in the form of an Order requiring Defendants to pay all unpaid

4    minimum wages, penalties, attorneys' fees and costs.

### THIRD CAUSE OF ACTION

#### Violation of California Labor Code § 226(a)

7        61.    Plaintiff incorporates by reference and re-alleges as if fully stated

8    herein the material allegations set out in paragraphs 1 through 60.

9        62.    At all material times set forth herein, California Labor Code section

10   226(a) provides that every employer shall furnish each of his or her employees

11   an accurate itemized wage statement in writing showing nine pieces of

12   information, including the total hours worked and the legal name and address of

13   the employer, among other things.

14       63.    Defendants have intentionally and willfully failed to provide

15   employees with complete and accurate wage statements. The deficiencies

16   include, among other things, the failure to include the total hours worked by

17   Plaintiff and class members.

18       64.    As a result of Defendants' violation of California Labor Code

19   section 226(a), Plaintiff and class members have suffered injury and damage to

20   their statutorily protected rights.  In addition, because the total hours Plaintiff

21   worked are not shown, it is more difficult for Plaintiff to determine the total

22   amount of overtime wages that are unpaid.

23       65.    Specifically, Plaintiff and class members have been injured by

24   Defendants' intentional violation of California Labor Code section 226(a)

25   because they were denied both their legal right to receive, and their protected

26   interest in receiving, accurate, itemized wage statements under California Labor

27   Code section 226(a).

28       66.    Plaintiff and class members are entitled to and seek statutory

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    damages for having their right to a properly itemized wage statement infringed,

2    and for their ability to properly determine whether they have properly been paid

3    and thus prosecute their wage claims pursuant to California Labor Code section

4    226(e).

5        67.    Plaintiff and class members are entitled to and seek injunctive relief

6    to ensure compliance with this section, pursuant to California Labor Code

7    section 226(g).

### FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802

10       68.    Plaintiff incorporates by reference and re-alleges as if fully stated

11   herein the material allegations set out in paragraphs 1 through 67.

12       69.    At all times herein set forth, California Labor Code sections 2800

13   and 2802 provide that an employer must reimburse employees for all necessary

14   expenditures.

15       70.    During the relevant time period, Plaintiff incurred necessary

16   business-related expenses and costs that were not fully reimbursed by Defendant.

17   Defendants had, and continue to have, a policy of not reimbursing employees,

18   including Plaintiff, for mileage and cell phone costs necessarily incurred during

19   the performance of their job duties.  For example, Plaintiff regularly had to

20   contact and meet clients after her scheduled working hours and on the weekend

21   to sign up prospective account holders.  She was never reimbursed for the

22   mileage and cell phone fees she incurred.

23       71.    Defendants have intentionally and willfully failed to fully reimburse

24   Plaintiff for necessary business-related expenses and costs.  Defendants' conduct

25   violates California Labor Code sections 2800 and 2802.

26       72.    Plaintiff and class members are entitled to and seek to recover all

27   expenses and costs incurred in performing their job duties for Defendants.

28       73.    Plaintiff is entitled to and seeks injunctive and declaratory relief in

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90057

1  the form of an Order requiring Defendants to pay all unreimbursed business-

2  related expenses incurred by employees during the course and scope of their

3  employment, plus interest, pursuant to California Labor Code sections 2800 and

4  2802.

### FIFTH CAUSE OF ACTION

**Violation of California Labor Code §§ 1197 and 1198 and California Code of Regulations, Title 8, Section 11070 Subdivision 4(C)**

8       74.    Plaintiff incorporates by reference and re-alleges as if fully stated

9  herein the material allegations set out in paragraphs 1 through 73.

10      75.    At all relevant times, the applicable IWC Wage Order was

11  applicable to Plaintiff's and class members' employment by Defendants.

12      76.    At all relevant times, California Code of Regulations Title 8,

13  Section 11040 Subdivision 4(C) provides that "[w]hen an employee works a split

14  shift, one (1) hour's pay at the minimum wage shall be paid in addition to the

15  minimum wage for that workday, except when the employee resides at the place

16  of employment."

17      77.    California Labor Code section 1198 requires that ". . . the standard

18  conditions of labor fixed by the commission shall be the . . . standard conditions

19  of labor for employees. The employment of any employee . . . under conditions

20  of labor prohibited by the order is unlawful."

21      78.    At all relevant times, California Labor Code sections 1194, 1197

22  and 1197.1 provide that the minimum wage for employees fixed by the Industrial

23  Welfare Commission is the minimum wage to be paid to employees, and the

24  payment of a lesser wage than the minimum so fixed is unlawful.

25      79.    During the relevant time period, Defendants wilfully required

26  Plaintiff and class members to work split shifts without any additional

27  compensation. For example, Plaintiff was required to clock out of work and

28  leave Defendants' premises, only to have to return and clock back in hours later

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    in the same day.

2        80.    During the relevant time period, Defendants failed to pay Plaintiff

3    and class members the required additional compensation for working split-shifts.

4        81.    Defendants' conduct violates California Code of Regulations Title

5    8, Section 11040 Subdivision 4(C).

6        82.    Plaintiff and class members are entitled to and seek to recover all

7    unpaid wages for having to work split-shifts.

8        83.    Plaintiff and class members are entitled to and seek injunctive and

9    declaratory relief in the form of an Order requiring Defendants to pay additional

10   compensation when employees work split-shifts.

SIXTH CAUSE OF ACTION

11

**Violation of California Labor Code §§ 2698, et seq.**

12

**(Against All Defendants)**

13

14       84.    Plaintiffs incorporate by reference and re-allege as if fully stated

15   herein the material allegations set out in paragraphs 1 through 83.

16       85.    California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff

17   to recover civil penalties for the violation(s) of the Labor Code sections

18   enumerated in Labor Code section 2699.5.

19       86.    PAGA provides as follows, "[n]otwithstanding any other provision

20   of law, a plaintiff may as a matter of right amend an existing complaint to add a

21   cause of action arising under this part at any time within 60 days of the time

22   periods specified in this part."

23       87.    Defendants' conduct, as alleged herein, violates numerous sections

24   of the California Labor Code including but not limited to the following:

25           (a)    Violation of Labor Code sections 510 and 1198 for

26                  Defendants' failure to compensate Plaintiff and other

27                  aggrieved employees with all required overtime pay as herein

28                  alleged;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all hours worked with at least minimum wages;

(c)    Violation of Labor Code section 226(a) for failing to provide wage statements which contain all information required;

(d)    Violation of Labor Code sections 226.7 and 512 for failure to provide all meal and rest periods as required, or pay meal and rest period premium wages in lieu thereof, as herein alleged;

(e)    Violation of Labor Code sections 1197 and 1198 for failure to compensate Plaintiff and other aggrieved employees for working split-shifts; and

(f)    Violation of Labor Code section 204 for failure to timely pay all wages owed during employment, as herein alleged.

88.    Pursuant to California Labor Code sections 2699(a), 2699.3, and 2699.5 Plaintiff and all other aggrieved employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1 and 1198.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

89.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 88.

90.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

91.    Defendants' activities, as alleged herein, are violations of California

1    law, and constitute unlawful business acts and practices in violation of California

2    Business & Professions Code sections 17200, et seq.

3        92.   A violation of California Business & Professions Code sections

4    17200, et seq. may be predicated on the violation of any state or federal law.

5    Defendants' policies and practices violate the California Labor Code, the

6    applicable California Industrial Welfare Commission order, and other state and

7    federal wage and hour laws in at least the following respects:

8        (a)  Requiring non-exempt employees, including Plaintiffs and

9             class members, to work overtime without paying them proper

10            compensation;

11       (b)  Failing to pay at least minimum wage for all hours worked;

12       (c)  Requiring non-exempt employees, including Plaintiffs and

13            class members, to work through their meal and rest periods

14            without paying them proper compensation;

15       (d)  Failing to timely pay wages due Plaintiff and class members

16            during each pay period; and

17       (e)  Failing to provide wage statements to Plaintiff and class

18            members which are accurate and contain all required

19            information.

20       93.   Plaintiff and class members have been personally injured by

21   Defendants' unlawful business acts and practices as alleged herein, including but

22   not necessarily limited to the loss of money or property.

23       94.   Pursuant to California Business & Professions Code sections 17200,

24   et seq., Plaintiff and putative class members are entitled to restitution of the

25   wages withheld and retained by Defendants during a period that commences four

26   years prior to the filing of this complaint; a permanent injunction requiring

27   Defendants to pay all outstanding wages due to Plaintiff and class members; an

28   award of attorneys' fees pursuant to California Code of Civil Procedure section

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1021.5 and other applicable laws; and an award of costs.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants as follows:

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Injunctive Relief Class;

3.    That Plaintiff be appointed as the representative of the Damages and Penalties Class;

4.    That counsel for Plaintiff be appointed as Class Counsel;

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiff and class members;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    11.    For general unpaid wages and such general and special damages as

2    may be appropriate;

3    12.    For statutory wage penalties pursuant to California Labor Code

4    section 1197.1 for Plaintiff and class members in the amount as may be

5    established according to proof at trial;

6    13.    For pre-judgment interest on any unpaid compensation from the date

7    such amounts were due;

8    14.    For reasonable attorneys' fees and for costs of suit incurred herein

9    pursuant to California Labor Code section 1194(a);

10    15.    For liquidated damages pursuant to California Labor Code section

11    1194.2; and

12    16.    For such other and further relief as the Court may deem equitable

13    and appropriate.

14                          **As to the Third Cause of Action**

15    17.    That the Court declare, adjudge and decree that Defendants violated

16    California Labor Code sections 2800 and 2802 by willfully failing to pay all

17    business-related expenses owed to Plaintiffs;

18    18.    For unpaid expenses and costs incurred and such general and special

19    damages as may be appropriate;

20    19.    For pre-judgment interest on any unpaid costs and expenses from

21    the date such amounts were due;

22    20.    For all actual, consequential and incidental losses and damages,

23    according to proof; and

24    21.    For such other and further relief as the Court may deem equitable

25    and appropriate.

26                          **As to the Fourth Cause of Action**

27    22.    That the Court declare, adjudge and decree that Defendants violated

28    California Labor Code section 226(a) by wilfully failing to provide accurate and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    itemized wages statements to Plaintiff and class members;

2         23.   Plaintiff and class members are entitled to recover from Defendants

3    the greater of their actual damages caused by Defendants' failure to comply with

4    California Labor Code section 226(a), or an aggregate penalty not exceeding four

5    thousand dollars ($4,000) per employee.

6         24.   Pursuant to California Labor Code section 226(g), Plaintiff and class

7    members are also entitled to injunctive relief to ensure compliance with this

8    section.

9         25.   For such other and further relief as the Court may deem equitable

10   and appropriate.

11                          **As to the Fifth Cause of Action**

12        26.   That the Court declare, adjudge and decree that Defendants violated

13   California Code of Regulations Title 8, Section 11090 Subdivision 4(C) by

14   willfully failing to pay additional compensation for required split-shifts;

15        27.   For general unpaid wages and such general and special damages as

16   may be appropriate;

17        28.   For statutory wage penalties pursuant to California Labor Code

18   section 1197.1 for Plaintiff and class members in the amount as may be

19   established according to proof at trial;

20        29.   For pre-judgment interest on any unpaid compensation from the date

21   such amounts were due;

22        30.   For reasonable attorneys' fees and for costs of suit incurred herein

23   pursuant to California Labor Code section 1194(a);

24        31.   For liquidated damages pursuant to California Labor Code section

25   1194.2; and

26        32.   For such other and further relief as the Court may deem equitable

27   and appropriate.

28

CLASS ACTION COMPLAINT

**As to the Sixth Cause of Action**

33.     That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections: 510 and 1198 (by failing to provide Plaintiffs and class members all overtime compensation), sections 1194, 1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked),  sections 226.7 and 512 (by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods), section 226(a) (by failing to provide accurate wage statements), sections 1197 and 1198 (by failing to pay additional compensation for working split-shifts), and section 204 (by failing to pay earned wages during employment).

34.     For civil penalties pursuant to California Labor Code sections 2699(a) and 2699(f) and (g), plus costs and attorneys' fees, for violations of California Labor Code sections 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1 and 1198; and

35.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

36.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200 *et seq.* by failing to provide Plaintiff and class members all overtime compensation due to them, failing to pay at least minimum wages to Plaintiff and class members, failing to pay compensation for split-shifts, failing to provide all meal and rest periods to Plaintiff and class members, failing to pay Plaintiff's and class members' wages timely as required by California Labor Code section 204 and by failing to provide Plaintiff and class members with complete and accurate wage statements.

37.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90057

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

38.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

39.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

40.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code sections 17200 *et seq*; and

For such other and further relief as the Court may deem equitable and appropriate.

## PRAYER FOR INJUNCTIVE RELIEF

41.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and class members;

42.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and class members;

43.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods to Plaintiff and class members;

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by wilfully failing to provide all rest periods to Plaintiff and class members;

45.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by wilfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiff and class members;

46.     That the Court declare, adjudge and decree that Defendants violated

CLASS ACTION COMPLAINT

California Labor Code sections 2800 and 2802 by wilfully failing to reimburse business-related expenses and costs incurred by Plaintiff and class members;

47.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and wilfully failed to provide accurate itemized wage statements thereto;

48.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1197 and 1198 and applicable IWC Wage Orders by wilfully failing to pay additional compensation to Plaintiff and class members for working split-shifts;

49.   That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and class members all overtime wages and minimum wages due to them, failing to provide all meal and rest periods to Plaintiff and class members, failing to pay for all missed meal and rest periods to Plaintiff and class members, failing to pay Plaintiff and class members' wages timely as required by California Labor Code section 204, failing to reimburse Plaintiff and class members for business-related expenses and costs incurred, and failing to provide Plaintiff and class members minimum properly itemized wage statements as required by California Labor Code section 226(a);

50.   For a preliminary and permanent injunction restraining Defendants and their agents and employees from continuing to violate the wage and hour laws as alleged herein;

51.   For a preliminary and permanent injunction mandating that Defendants record all hours worked and pay Plaintiff and class members all required overtime wages in accordance with the law as they become due;

52.   For a preliminary and permanent injunction mandating that Defendants provide Plaintiff and class members meal breaks as required by law

CLASS ACTION COMPLAINT

1    and pay all meal period premiums as they become due;

2         53.    An Order compelling Defendants to automatically pay meal period

3    premiums when the time records indicate: (a) meal periods are less than 30

4    consecutive minutes; and (b) meal periods have not started by the fifth hour;

5         54.    For a preliminary and permanent injunction mandating that

6    Defendants provide Plaintiff and class members rest breaks as required by law

7    and pay rest period premiums as they become due;

8         55.    For a preliminary and permanent injunction mandating that

9    Defendants pay Plaintiff and class members all wages timely during employment

10   in accordance with the law;

11        56.    An Order compelling Defendants to modify their existing wage

12   statements to list the total hours worked;

13        57.    For a preliminary and permanent injunction mandating that

14   Defendants reimburse Plaintiff and class members for all business-related

15   expenses and costs incurred;

16        58.    For a preliminary and permanent injunction mandating that

17   Defendants pay Plaintiff and class members additional compensation for split-

18   shifts;

19        59.    For a preliminary and permanent injunction restraining Defendants

20   and its agents and employees from continuing to commit unlawful, unfair and

21   fraudulent business practices in violation of California Business & Professions

22   Code sections 17200 *et seq.*, including from continuing to commit violations of

23   wage and hour laws by use of economic force against Plaintiff and class

24   members;

25        60.    For reasonable attorneys' fees; and

26        61.    For such further relief as the Court may deem appropriate.

27   ///

28   ///

CLASS ACTION COMPLAINT

Dated:  February 15, 2011

Respectfully submitted,

Initiative Legal Group APC

By: _____

Miriam Schimmel
David Cheng

Attorneys for Plaintiff Angela Garcia

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067