\*\*E-Filed 8/25/2011\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELA GARCIA, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITIGROUP INC., a Delaware corporation; CITIBANK, N.A., a national association; and Does 1 through 10,<br><br>　　　　　　　　Defendants. | Case No. 11-cv-00692-JF (PSG)<br><br>ORDER[1] GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND TERMINATING MOTION TO DISMISS AS MOOT<br><br>[Re: Docket No. 18] |

Defendants Citigroup Inc. and Citibank, N.A. move to stay proceedings in this case, or in the alternative, to dismiss Plaintiff's class action complaint pursuant to Fed. Rule Civ. P. 12(b)(6). The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on July 8, 2011. For the reasons discussed below, the motion to stay will be granted, and the motion to dismiss will be terminated as moot.

---

[1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

The following allegations are set forth in the operative First Amended Complaint ("FAC"). Plaintiff Angela Garcia works for Defendants as a personal banker in Palo Alto, California. FAC ¶ 23. The position personal banker is non-exempt. FAC ¶ 23. Garcia alleges that during her employment, Defendants required her and other class members to work off the clock, depriving her and other class members of overtime compensation and minimum wage. FAC ¶ 46-47.

Garcia also alleges that Defendants failed to reimburse her and other class members for necessary business expenses that they incurred. FAC ¶ 70-73. She claims that even though Defendants required her to contact and meet clients when off the clock, Defendants never reimbursed her for mileage and telephone expenses. FAC ¶ 70. She asserts that Defendants required her and other class members to work split shifts without additional compensation. FAC ¶ 79. Finally, she alleges that Defendants forced her and other class members to work frequently through their meal and rest periods without additional compensation. FAC ¶ 87.

# II. DISCUSSION

A.   **Motion to Stay**

Defendants argue that the Court should stay the instant proceedings because a similar lawsuit, *Mark Davis v. Citibank, N.A.*, presently is pending in the Orange Superior Court and that litigation is substantially advanced. Mot. to Stay Proceedings at 2-5. Defendants assert that *Davis* and this case are substantially similar because the plaintiffs in both cases are non-exempt Citibank employees and the claims in both cases arise under California's wage and hour laws. *Id.* at 5. Defendants rely upon *Colorado River Conservation District v. United States*. 424 U.S. 800, 817 (1976). Under *Colorado River*, while the pendency of a state court action does not bar an action regarding the same matter in federal court, in exceptional circumstances "considerations of wise judicial administration" outweigh the duty to exercise federal jurisdiction, and a federal court may stay an action. *Id.* at 818.

Garcia opposes a stay. She argues that this case and *Davis* are not substantially similar, in part because her claims with respect to split-shift premiums and unreimbursed business expenses

are not presented in *Davis*. Garcia also points out that she is not a party in *Davis*.

A court must balance carefully several factors to determine whether a stay in favor of state proceedings is appropriate: (1) whether either court has asserted jurisdiction over the res or property; (2) the inconvenience of the forum; (3) the avoidance of piecemeal litigation; (4) the order in which each court obtained jurisdiction; (5) whether state or federal law controls; (6) whether the state proceeding can address adequately the rights of the parties. *Moses H. Cone. Mem'l Hosp. v. Mercury Ctr.*, 460 U.S. 1, 16 (1983).

The federal and state actions need not have identical claims for a federal court to apply the *Colorado River* doctrine; substantial similarity suffices. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Here, while this action and *Davis* are not identical, both actions relate to Citibank's alleged wrongful employment practices. The actions involve the same California statutes and assert substantially similar claims. Although Garcia asserts that her claims with respect to split-shift premiums and unreimbursed business expenses will not be resolved in the *Davis* action, in fact the *Davis* complaint makes specific reference to split-shift premiums and unreimbursed business expenses. *See* Stecher Decl. Ex. A.[2]

The Court concludes that on balance, the *Colorado River* factors warrant a stay of the instant proceedings. Because this case does not involve a res or property, the first *Colorado River* factor is irrelevant. Although Garcia suggests that the federal courts are a better forum for litigating class actions, she does not make any showing that the Orange Superior Court is an inconvenient or inadequate forum. Maintaining this action while *Davis* is being litigated will result in a waste of judicial resources, and litigating two concurrent actions may result in unnecessary duplication and conflicting rulings or judgments. A stay will encourage resolution of all the related claims and avoid piecemeal litigation. *Davis* was filed three years before this

---

[2] Plaintiff and the Class "were deprived reporting time and *split shift pay* in violation of IWC Wage Order 4 § 5, and were deprived of *mileage reimbursements*." ¶ 49; Defendants "will continue to fail to pay overtime, straight time, meal and rest period, *split shift* and reporting time wages and *mileage reimbursements* to Plaintiff and the Class." ¶ 55; "[T]hese employees were not paid... *split shift compensation*." ¶ 64; "[N]one of the Class were ever paid... *split shift*." ¶ 65.

1  action, and both cases raise only state law claims.  Finally, Garcia conceded at oral argument that
2  she could take part in *Davis* as an intervenor or objector if necessary.
3  **B.    12(b)(6) Dismissal**
4  Defendants argue alternatively that the Court should dismiss this action because the FAC
5  fails to state a claim.  Because it concludes that a stay is warranted, the Court need not address
6  Defendants' alternative motion to dismiss.  The Court notes, however, that Garcia does not
7  identify who told her to work off the clock; provide the dates when she worked without pay;
8  elaborate how Defendants required her to work split shifts and through her meal and rest periods;
9  or explain what specific policy Defendants had in place to deny her reimbursement of her
10 business expenses.

## IV.  ORDER

The motion to stay the proceedings is GRANTED.  The alternative motion to dismiss is terminated as moot.

IT IS SO ORDERED.

DATE: 8/25/2011

JEREMY FOGEL
United States District Judge